Department of Veterans Affairs, number 057136. Thank you, Your Honor. Good morning. With the Court's permission, I would like to preliminarily address three matters. The first one is the jurisdiction of the court which the government has challenged, and the second one is the specific legal error committed by the Board of Appeals for Veterans Claims, and the third is why that error prejudices Mr. Kalin. To begin with, the Court has jurisdiction over this appeal, and the law in that respect has settled. The Court has held that it may determine whether legal requirements of a statute or regulation have been correctly interpreted in a particular context where the relevant facts are not in Mr. Kalin does not challenge any of the facts determined by either the Board or the Court of Appeals for Veterans Claims. In fact, he relies on those facts. Mr. Kalin alleges that the Court of Appeals for Veterans Claims incorrectly interpreted, among other things, 38 U.S.C.A. 7108, the statute governing the reopening of claims, and therefore that interpretation is within the jurisdiction of this Court. Now, the Court of Appeals for Veterans Claims incorrectly interpreted that statute because it has but two criteria. The statute clearly says that in order to reopen a claim, the evidence submitted in support thereof must be new and material. Now, the CABC denied the claim because it found that Mr. Klin, Mr. Kalin, quote, failed to aver or demonstrate that the evidence of record in 1986 contained a medical nexus opinion, end quote. A medical nexus opinion is not an element of the claim to reopen. Because your view is that that is not, that the CABC at least didn't construe that as being part of the materiality question, but rather that they construed it as being part of the outcome determinative question. That is correct. Now, this Court, Your Honor, has held in Stanley that the case or the claim, as you may describe it, to reopen is separate and distinct from the underlying case on the merits. If the evidence submitted for the purpose of reopening was new and material, then it makes no difference whether there was or was not at that stage of the proceedings evidence of a medical nexus opinion because that was an element which would have to be adjudicated by the Department of Veterans Affairs if and only if Mr. Kalin is successful in reopening the case. Well, let me, I'm, I'm, maybe this question will reflect my confusion, but I'm confused and so maybe I've got something wrong here. The request to, the reopening case was 1986, correct? The claim was filed in 85 and the decision by the Board was in 86. And that decision, which found the evidence submitted was not new and material, was never appealed. So that's why you're, I mean, it's the reason you're, we're at CU, I mean, you filed the current cases about CUE for that 86K and that's because that was a final decision and it was not appealed. Correct. It could not have been appealed. Pre the 88 Act. Right. So. The Court of Appeals for Veterans Claims had not been established, so Mr. Kalin could not have appealed the Court's decision in 86. And if, if, let's say we're in 80, you know, we're still in 86, oh, so there was no basis upon which you could have appealed it in 86. There was no tribunal, judicial review. Other than a, a trying for district court review, which would have been very narrow. Unsuccessful. Yes. And so in the current case, the Court of Appeals for Veterans Claims interpreted the current board decision, the one which the court has just reviewed, interpreted as having found that in 86, the evidence satisfied the first criterion. It was new. In other words, the evidence submitted by Mr. Kalin to the board when he filed his claim to VA, when he filed his claim in 1985, was new. That new evidence was that he had sustained his knee injury in combat. In 1970, when he filed his claim, he said, I injured my knee in the service. Not saying anything about combat, VA looked at the service medical records and found that there was no support for that claim. There were no medical records saying he injured his knee in service. And of course, corroboration is required. A veteran simply can't come in and say, I injured my knee. And that establishes the evidentiary fact that it happened. Well, now, Mr. Smith, and I know I'm venturing into the forbidden area of fact here, but normally in, in most areas in which we deal with the concept of new and material evidence, something that is known to the plaintiff or the complainant and the applicant, but that the applicant just didn't allude to in the previous proceeding, would not constitute new evidence. Ditto, evidence which the complainant may not have recognized as legally sufficient in an early time doesn't become new merely because the complainant later learns that there is some legal importance to it. Wouldn't this fall in that category? No, Your Honor. This is material that's known to him as of the moment that it happened. It certainly was known to him. However, as Your Honor points out, he of course, not represented by an attorney in a non-adversarial system, was unaware of that. If he were represented, and I believe he may have been, by a non-attorney service officer, it didn't come to the attention of the decision maker. Now, in the pro-claimant atmosphere in which veterans' claims are adjudicated, this Court and the CAVC have held that there are very liberal laws and regulations providing for this type of decision, holding that because it was known to him that his failure to bring that forward, he certainly is not a lawyer and did not know the statutes and regulations governing veterans' benefits, and his failure to assert that the injury was sustained in combat would preclude him from bringing that evidence in 1985 and having it found to be material. Of course, I guess he bears the loss of not bringing that information up sooner because he doesn't get an effective date for recovery any sooner than the time he brings forward his claim for new and material evidence. That is correct. And for that reason, as well as the fact that, as the Court of Appeals for Veterans' Claims correctly points out, there was no medical nexus opinion in the record in 1970, for that reason, for both of those reasons, a claim to try to assert clear and unmistakable error as to the 1970 decision would fail. Well, here's what, here's why the newness issue troubles me, not simply because it's an issue kind of floating out there, but as I read the 86 board decision, and I'm focusing now if you have your appendix there on page 114 of the appendix in the bottom paragraph, the board seems to treat the new evidence, the evidence that they characterize as new, as the evidence received since the veteran reopened his claim, this is the third sentence of that bottom paragraph, reopened his claim, although new, essentially relates to the current status and treatment of the needs, it does not change any of the material facts upon which the prior determination was based. Okay, so I took away from this that what the board was saying is that what we're finding is new, excuse me, is all the treatment, the very current treatment evidence that's going in in January of 85 and so forth, and for arthroscopic surgery and so forth, that was what they were treating as new, not that they were saying, well, this material with respect to his further description of the injury that he suffered in the service. I did not take that away, draw that conclusion from it. I can see that that might be one that could reasonably be drawn, but it didn't certainly say that expressly. Remember that one of the direct arguments made by Mr. Kalin to the Court of Appeals for Veterans Claims was that because this assertion is that he was injured in combat and because the statute provides and the regulations provide that that assertion must be accepted for the purposes of establishing the fact of the injury, that directly rebuts the express reason for the denial in 1970, they said, because there was no evidence that the injury actually occurred. Under the statute and under VA's implementing regulation, this evidence establishes it. Now, if the Court of Appeals for Veterans Claims construed the Board decision as you suggest, Your Honor, or if the Board, Court of Appeals for Veterans Claims, reviewed this evidence and determined it was not material, we strongly believe that it is, but we haven't had a decision on that as yet, then we would have an opportunity to address that to the Court of Appeals for Veterans Claims as to the newness and argue the materiality to this Court should the Court of Appeals for Veterans Claims deny our appeal. However, what the Court of Appeals for Veterans Claims did is that we admit, or they don't admit, they recognize on the first page of the decision that the Board found the evidence was new. They say that expressly. And then they say, we don't get to the materiality because we find there was no medical nexus. Our point is, medical nexus is not an element of a claim to reopen, and this case in that respect is very similar to this Court's decision in Hodge where the Court of Appeals for Veterans Claims applied an incorrect standard. The Court, this Court, found in Hodge the facts were new and remanded to the Court of Appeals for Veterans Claims to make a decision under the new standard adopted by this Court with respect to materiality. That should be the outcome in this case as well. In this case, you're pressing a cute claim on the failure to reopen by the Board in 1986. What about this statement in Nabusco's case that the claimant must show that an outcome of a determinative error occurred, that it's not just that the failure to reopen was an error, but that the ultimate decision would have been different? And my response to that, Your Honor, is that Bustos predates Stanley, and in Stanley, this Court said they are two separate cases. But Stanley was in the context of a fee claim. Yes, but still. So that's just a determination as to whether fees could be requested in different, for different proceedings. That doesn't really address the question before us. I believe it does, Your Honor. It says, Stanley says, that the claim to reopen, not just with respect to, it was in the context of a fee claim, but it doesn't say just with respect to each of the applications, the claim to reopen is a separate claim. It says fairly unequivocally that the claim to reopen, whether or not there's new and material evidence, is separate from the underlying case. That didn't deal with this regulation, though, 3.105. No, it did not. It did not. And isn't that the question before us? What is the interpretation of 3.105a? We did argue that in our brief. However, we also argued, and we're pressing here, 5108. We're saying that the statute says that there's new, it must be reopened where there's new and material evidence. And it's very important to remember that once the claim is reopened, if Mr. Kalin is successful on the new and material evidence claim, then the case is reopened and it must be adjudicated under the present laws and regulations. Those laws and regulations provide that Mr. Kalin has not only the opportunity to submit the medical nexus evidence, which he needs in order to prove his claim on the merits, but he's also entitled to the assistance of the secretary and his medical resources to establish that element. Now, this may be plowing ground that we've already covered, but I just want to be sure that with these various proceedings going on that I have the posture of the case down. We were discussing earlier the 86 board decision and what that board may have considered to be new. I was also concerned that the most recent board decision, and I'm looking now at page 14 of the appendix, if you have it there, seems also to have viewed the new evidence, new as of 1985, as relating just to the 1985 treatment. And I'm reading from the first full paragraph on page 14 of the appendix. And by the way, we'll give you some rebuttal time so you don't have to feel that you're losing your time here with this lengthy question. In 1985, the veteran submitted evidence to reopen his claim of entitlement to service connection for a left knee disability. And then say, the evidence consisted of VA treatment records from January to March 1985 showing treatment for his left knee, and then described that evidence further. That seemed to be consistent with what I took away from the 86 board decision, and to be the board's position is that's the new evidence. Now, if that's the predicate on which we are to decide these legal questions, then we don't really get into the whole question of the status of the representations as to the combat-based origin of this injury, do we? Perhaps. How do we get to it, I guess? You get to it on page 94 of the record. That's the statement submitted by Mr. Kaelin in support of his claim to reopen. While what the board said, as you just read, Your Honor, is correct, indisputably correct. It's incomplete. Mr. Kaelin describes on page 94 and 95, I'm sorry, it's just 94, the incidents during combat in Vietnam, two of them, where he reentered his name. Now, it would be inappropriate for the board, and we would certainly challenge it at the Court of Appeals for Veterans Claims, because we could not do it here. The board simply cannot ignore evidence. The Court of Appeals for Veterans Claims has repeatedly held they must address all the evidence. This evidence falls squarely within 1154B and 3.304D, which require that the statements of a combat veteran, and this Court has addressed that, I believe, in Jensen and other cases, must be accepted so long as they are credible. But not necessarily in a new and material evidence setting, if it's not new, right? In other words, suppose this exact statement had been submitted in 1970. The board could have said that's not new. Absolutely. And my question really is, isn't that in effect what the 86th Board is saying with respect to this evidence, since the only evidence they seem to have treated as new was the 1985 evidence? Well, Your Honor— I mean, the 1985 treatment evidence. This was 1985 evidence, but relating to a previous event. Yeah. Your Honor, in the 1970 claim, Mr. Kalin, not realizing the importance of his statement as a veteran of combat, simply claimed service connection for a, quote, knee condition, end quote. And that's in the record, I believe, of 449. Right. Now, there's also, however, in the record, a medical report where he goes further than that. He reported to a physician, a VA physician, and said how he hurt his knee. But there's not one word in either of those documents about the veteran having served in combat. And combat is critical, because Congress has recognized through the statute, and VA has recognized through the regulation, that it is the exigent circumstances of combat that don't allow veterans to run to the nearest medic and have their service medical records handy on the battlefield, be examined, and have these matters recorded. Now, the government has an opportunity to rebut the evidence, the assertions, by a combat veteran. That has not happened in this case. All that we're asking for is the opportunity to present these issues to the Court of Appeals for Veterans Claims, because it imposed an element, medical nexus opinion, which is not part of 5108 and the requirements to reopen. And grafting that additional element was wrong, and the Court should reverse. Mr. Smith, just one last question. Going to the question that Judge Bryson asked, that the evidence of a combat injury that was presented in 1985, as I understand it, was directed to the one piece of evidence that was decided or determined in 1970 to be missing. But as I read the decision in 1970, it says, in the absence of service records, and then there's a handwritten addition showing treatment in service, service connection cannot be granted. Yes, Your Honor. And the evidence presented in 1985 is precisely that missing piece. That is correct. All right. Thank you. Thank you. We'll restore two minutes of rebuttal. Thank you. You're welcome. Mr. Schroeder? May it please the Court? The issue here is whether, when the Veterans Court reviewed the 2001 board decision, whether that board decision errored in finding that there was no cue, clear and unmistakable error, in a 1986 board decision refusing to reopen a 1970 service connection claim. Is it necessary for the veteran in this cue claim to establish that the ultimate outcome would have been different, or is it sufficient to establish cue in the failure to reopen itself? We believe it's that he has to establish that there was an error in the ultimate outcome. However, it must also be kept in mind that to get, before we can get there, he also must establish that there was an error in not reopening, and he's failed to do that. It's not sufficient for him to establish a clear and unmistakable error in the failure to reopen? Well, he's not done that. Well, I realize that's your position, but I'm saying as a matter of interpretation of this regulation. Secondarily, that he would have to show that there was clear and unmistakable error related to, that he could have recovered, I guess, on his original claim. Well, as I understand Mr. Smith's position is that the government is requiring him to sort of cue on cue, and that the procedure in 1985 was not a cue claim, it was a new and material evidence claim, and he contends that therefore all he needs to show is that there was clear and unmistakable error in the failure to reopen based on new and material evidence. Whether that evidence would then support a change in the ultimate outcome is for another day. We disagree with that. Why is he wrong? Because what he's alleging is that there is a clear and unmistakable error in not... In the prior decision. Prior decision being the 1986 decision. Yes, in the 1986 decision that he had not established new and material evidence relating to the 1970 claim. Now, in a cue claim, he has to be able to establish that it was outcome determinative and that it would go to the outcome of the merits of his claim. And I'd also like to say that before we can get there, first we should take a look at the predicate of this appeal. Now, Mr. Kalin states that the board was incorrect in finding this was not new and material evidence. Well, this court can't really make a judgment call over whether the evidence was new and material is a question of fact or a question of law applied to facts. And he does make that allegation. Also, the board... So we could never review a determination on a reopening, just a general reopening case. Reopening because it's new and material and everybody below says, no, it wasn't new and material. So we can't review that. We can't review that particular issue of whether a piece of evidence constitutes new and material evidence. In this way, if the outcome turns on whether Mr. Kalin's statement is in fact new and material evidence, that's a question of fact or a question of law applied to the facts. And that's beyond the scores of jurisdiction. But we could construe the regulation 3.105A to only require that the veteran in this Q claim establish clear and unmistakable evidence on the failure to reopen, not necessarily the ultimate outcome of his claim. And that's a question of whether that needs to be reached. And our position is that decision also doesn't need to be reached. Because, in fact, the board found that the only new evidence related to the current status and treatment of his name is on page A114. And that was referred to by the court earlier. And then that was restated by the 2001 board, which also stated that the only evidence submitted that was not before the regional office in 1970-71 related to new knee treatment in 1985, which did not establish a new factual basis for service connection. So those go directly to whether he established a new factual basis. I'm not sure I'm following that. What are we talking about? We're talking about whether or not the 86 decision to not reopen. Yes. Based on new and material evidence. And then you're saying that... Well, on page 114, it says, in view of the foregoing, and this is the 1986 decision. Right. It states at the very bottom, the last paragraph, first sentence, in view of the foregoing, it is readily apparent that service connection may not be established for traumatic arthritis and prosonda. The prior determination to that effect is final. And then the next sentence is the evidence received since the veteran reopened his claim in 1985. Although new. Although new. Essentially relates to the current status and treatment of his knee. In other words, the evidence was that in 1985 he had some knee injury. That has nothing to do with... Well, no. And Judge Bryson, I think, in his questioning of Mr. Smith, dealt with that issue. Can I ask you about the CAVC, the Court of Veterans Claims opinion here, where they have a reference, a strong reference, to the lack of... He has failed to aver or demonstrate that the evidence of record in March 1986 contained a medical nexus opinion. Yes. You know what I'm referring to in the CAVC opinion. This is on page 4 of the record. Right. Is it your view that the CAVC was using the medical nexus opinion issue to conclude what? That there was no basis for reopening because the evidence wasn't material? There was no basis that it wasn't new? Or that it wasn't outcome determinative? Well, I think that it wasn't outcome determinative, but it also goes to the fact that it's... I believe that he... ...question of whether there should have been new and material evidence or outcome of whether he should get benefits. Simply the term outcome determinative. The problem for me, at least, is the term outcome determinative doesn't answer that question. It leaves us up in the air as to whether they're talking about the new and material evidence question or the ultimate entitlement to benefits. Yes. And so which is it? To continue with Judge Bryson. One second, please. I just want to re-look at that. I believe he was referring to the reopening here because that's what he was reviewing. If you look down, it says, As to his first argument, which goes to the merits of presumptive service connection, the appellant has failed to avert or demonstrate how the board in 1986 would have possessed jurisdiction over the merits of the matter until it was determined that there was a new factual basis for consideration of that matter. But the medical nexus evidence would only have had relevance in 1985 as it relates to the ultimate claim, correct? Well... Not the question of whether what was being submitted is necessarily new and material. Yes, but I don't think we can just... It's new and material to the ultimate 1970 claim. That's what he's trying to establish. He has new and material evidence that is relevant to his original claim. And therefore, we can't really separate it out very cleanly and say that that has nothing to do with the original claim. Under 38 U.C. 1110, a veteran was shown a current disability resulting from a disease or injury incurred in or aggravated by service. This medical nexus language goes to connecting the dots, connecting the current disability with something that was incurred in or aggravated by service. Certainly, he'd have to establish a medical nexus to prevail on the ultimate claim. But what he tried to do in 1985, as I understand it, is to present the piece of evidence that in 1970 was found lacking, namely the... I forget the exact words in the opinion, but an injury during service. And he provided that information in the form of his statement. So, I guess the question again is, why is that not a clear and unmistakable error in terms of the new evidence that he proffered? Not necessarily his ultimate claim. Smith contends that, you know, that's for another day. Well, he's... Essentially, the board found, and there's evidence in the record here, that that same type of evidence was before the board in 1970. That's on page 59. And I guess in those days, they didn't write detailed... as detailed rating decisions. However, right at the very top where it says history, he talks about injuring his knee in service. But not necessarily in combat. I mean, I think that's the point that Mr. Smith is pressing on. It says that the critical additional factor is the combat ingredient, which at least changes the way one looks at the question of incidents. Now, your argument, I take it, and I get it from what we have here from the court, is, if I understand this correctly, is that medical nexus is not dependent on incidents. It's an entirely different issue in which the combat or non-combat genesis of the injury has no additional role to play. Yes, because... Am I understanding you? I think that's fair. But when you're asking the question of whether, given that there was an injury, even without raising any question whatsoever that there was an injury, but then the question is whether there's a nexus between the current disability and the original injury, then that is something as to which the comment says it doesn't matter. Yes, because in 1986, and Mr. Kalin stated in his brief that he was not seeking any benefits prior to 1986, so in order to get benefits, at the very least he has to show is that in 1986 he had an injury that was caused by his service, or aggravated by his service. In 1986, he hasn't connected the 1986 injury to anything that happened in 1970, so there's evidence of... But the question is, what does that question go to then, the medical nexus question, to answer the issue of whether or not he's actually connected the dots between 1970 and 1986? Does that go to the question of whether or not there was new and material evidence submitted, or does that go to the question about whether or not the outcome of the merits of his claim should be changed? I think it goes, actually, from a logical standpoint, it goes to both of them. Okay, then explain to me how it goes to new and material evidence, because I'm not understanding that. Because in order to show that there's something that would have manifested... Well, now I'm getting to Q, there's a piece of evidence here that establishes that he's entitled to service connection. And this piece of evidence that he's submitting is something in 1986 that says, I have an injury in 1986. If that evidence was that he had a hand injury in 1986 and he injured in a car accident in 1985, that would not relate back, because we can't... Are you saying that in order for him to have made a new and material evidence claim in 1985, he would have had to show not only something new, but also that it was material to his claim, that he would have been entitled to some recovery, so that it's not only that, yes, I suffered a combat-related injury, but the injuries I'm suffering from now are related to that? Yes, I mean, it's new and material. With the materiality part of the equation. Yes, it's new evidence. The problem here, to pick up on Judge Mein's question, it seems to me simply to be that while the inquiry on the merits and on the new and material evidence question is clearly separate and the issue is new, it's not so separate when you get to the issue of materiality, because there, materiality folds into the merit. It's material because it helps you win, but I wonder if that means that something which is clearly material to one of the grounds on which, let's say, at least by hypothesis, the application was denied before, isn't adequate to satisfy new and material evidence, even if it doesn't answer all of the possible objections to ultimate recovery. And by that I mean, to the extent that the initial claim was rejected on the ground that he hadn't shown sufficient evidence of incidence, and now with the combat allegation that clearly satisfies that requirement, is he also required, as a matter of new and material evidence, to show new and material evidence with respect to the second element of nexus between his current disability and the previous injury? That's what the Court of Appeals for Veterans' Claim essentially held. That's what it held, and that's sort of what we have to decide whether they're right or not, I guess. Why don't you tell me why that's right? Because he's seeking compensation. The one thing he's seeking compensation for is his injury in 1986. That's what he's seeking compensation for. A veteran must show a current disability resulting from a disease or injury incurred in or aggravated by service. Without that, without being able to show that he actually, there was that connection, he can't meet the status, excuse me, he can't meet the elements of entitlement to benefits under the statute that sets forth those elements, and that's, again, 38 U.S.C. 1110. So that's, I mean, that's why the medical nexus issue is important, but also, again, we reemphasize that they also found that this evidence was not new and material evidence. Let me go back to square one here. What do you understand to be the ground on which his claim was denied in 1970? Yes, and that would be page... 59. Yes. In the absence, and this is this, in the absence of service records showing treatment in service, service connection cannot be granted for any of the above conditions. So they're saying at that point, I take it, correct me if this is not a correct reading of this, they're saying you haven't proved that you injured yourself in service because you haven't got any records of injury. Well, I think they're saying that there's no, actually, it's showing treatment. Well, okay, the treatment would be in order to demonstrate that you've got an injury, right? They're focusing on the absence of proof of some injury that would be sufficiently grave that could conceivably have an effect downstream. Now, in 19, I mean, isn't that right? That's what they're focusing on.  they had to have treatment in service, so there wasn't this, like a statute that allows filet statements. That didn't exist in 1970. When was that, Andy? Well, that's all. I'm sorry, I may be wrong, there might have been a predecessor, I'm not sure of that. All right. But in any event, in 1985, he comes in and says on page 94, okay, you poured me out because I didn't prove treatment, i.e., I didn't prove incident. Now, here's my proof of incident, and given the fact that it was in combat, I now have new evidence, arguably new evidence, that that takes care of that problem. Now, the question that we're bearing down on here is whether that's enough, given that that was the ground on which he was rejected, to say, well, there's new and material, material because it answers the point that was the basis for the denial, which, if it wasn't recognized as such, is Q. Why not? Well, I mean, if there is error in, okay, the 1970 decision, they had his lay statements, so the most of this evidence is cumulative, repetitive of that. However, if there was an error, Well, it's not cumulative because the lay statement didn't matter in 1970, but it certainly mattered in 1985 because at that time there was a statutory presumption that if you were injured in combat that even your lay statement then enjoyed that statutory presumption of being evidentiary. Well, the statutory presumption of itself is not new evidence because, you know, if there is a change But his statement is new evidence. Well, except that he had a similar statement in 1980, in 1970, and they actually, that was before them, so this is not new and material. This is repetitious of the statement that they had. They had already had his allegations in 1970 that he injured his knee in service. This does not really change that. They still had a, this is just repeating a similar allegation that he injured his knee in service. Well, I don't see how you can say it didn't change anything. I mean, his lay statement in 1970 didn't count, but his lay statement in 1985 certainly did. Well, he's not, he's not alleged, as a sidebar, he's not alleged Hugh in the 1970 decision, so he's not saying that there was error in a 1970 decision. Right, he's saying, and he's not claiming that he's entitled to get service connection going back to 1970. He's saying, you know, starting now, I'm now presenting to you my lay statement, which, under the statute, now counts, and I'm contending that I now have a basis for the claim that I wasn't able to sustain in 1970, so I should get benefits from 1985 forward. Well, that's what he's seeking, and again, one, the court has shown no matter the nexus, but to the extent that this court wishes to find that this statement that he made is new and material evidence, that's not for this court to decide, because that's, again, a statement of fact or an application of the facts to the law. Other people have found that that was not new and material evidence, and those are, the board is who has that responsibility. So you're saying that in order for him to present a new and material evidence claim, in order for him to reopen his claim in 1985, he would have to show new and material evidence not only to fill the gap in the missing piece of evidence about his injury in service, but also new and material evidence  Is it not enough for him to submit new and material evidence on the one piece of the puzzle without submitting evidence on all pieces of the puzzle? And that's what the Veterans Court held, that he has to establish that, again, it goes to materiality, he has to establish he has a current disability in 1985 or 1986 that is related to his service 15 years earlier, yes. Even if that was not the ground on which the board had previously found that he had not shown new and material evidence. So it sounds like you're really saying that the court did require him to prove his case on the merits, as opposed to proving that there was error, clear error in the determination in 1986 with regard to whether there was new and material evidence. Well, the court's decision actually states that as to his first argument which was the merits of his service I'm sorry, it's page 4 Where on page 4? This is right in the middle, in the second full paragraph, about halfway down, and it says, the apologist failed to demonstrate how the board in 1986 would have possessed jurisdiction over the merits of that matter until after it was determined that there was a new factual basis for consideration of that matter. New factual basis meaning that's what they called the new and material evidence. So I think the court did in fact affirm a finding in its opinion it affirmed the finding that there was no new factual basis. Thank you. Thank you. Mr. Shredder will restore at least two minutes to Mr. Smith. Thank you, your honors. With respect to the outcome determinative issue which I think is central to the decision on this case the government's position which as I understand it is that in order to reopen this claim Mr. Kalin had to submit not only new and material evidence with respect to the express basis on which the RO denied the claim in 1970 but with respect to all elements of his claim. That would be correct if the evidentiary record was complete when the appellant Mr. Kalin submitted his new and material evidence. In other words, if that were the last evidentiary opportunity and the record were closed at that point then obviously the absence of a medical nexus opinion would be fatal to the claim. That's not correct. When new and material evidence is submitted the claim is reopened. It's not submitted for an immediate decision by VA adjudicators or by the Board of Veterans' Appeals. There can be a hearing where testimony is taken. There can be documentary evidence submitted. The VA has an obligation under statute to provide a medical examination in most cases. That particularly includes cases such as this one where there is evidence of an injury in service and a present disability but no medical nexus. It's because, at least in part, that the evidentiary record remains open that this Court should find, even if Stanley doesn't expressly apply, it's for this panel then to determine whether the claim to reopen is in fact a separate proceeding. If it is, as we submit that it is, then the remedy is very simple. To remand to the Court of Appeals for Veterans' Claims to make a determination with respect to whether the evidence is material. We submit that it is because it rebuts the basis of the denial in 1970 and then it has to go back to the agency for those proceedings on the remaining evidentiary issues. Let me ask you one other question. Procedurally, what would be the... Assuming all that happened, it went back to the agency, what would be the precise question before the agency at that point? Would it be what was the state of the evidence in 1986 or 85, or would it be what is the state of the evidence now? Would we be talking about retroactive benefits to 1985 or would we be talking about, as is usually the case in a new material evidence setting, would we be talking about benefits going forward? Because it's a clear and unmistakable error review. A finding that the denial was clearly and unmistakably erroneous would require that the 1986 decision be set aside, that the case be adjudicated based on the 1985 claim. The VA would have an obligation to examine Mr. Kalin. Mr. Kalin would have an opportunity to submit further evidence. The remaining issues would be whether there is a medical nexus, and then the disability rating and the effective date. The issues of veteran status, present disability, and assuming that the evidence is new material, that he did suffer an injury in service. And that would be as of then or as of now? In other words, what would be the question as to whether given what was presented, I guess if it had been reopened he would have been entitled in 1985 to introduce anything and you would argue I suppose that he can introduce anything now if it gets reopened now. If it's reopened now. No, it's just not limited to some closed record as of 1985. That's correct. The difference being that if it was clear and unmistakable, error review, he gets a good... I'm not sure I understand. Which is that in terms of the medical nexus requirement, I mean the medical nexus requirement to be satisfied in 86, you suggested he would have had an exam to establish whether or not his current injury, current as of 85, connected back. We can't do that over retroactively correct? I mean whatever, if we have the proceeding, if there were future proceeding, then it would go to an examination of him in 2006. Which I submit the agency may disagree, but we have some cases at the Court of Appeals for Veterans Claims, unfortunately they never resulted in a published opinion, but we argued successfully that where a nexus opinion was brought in in 1996, a veteran received service connection and retroactive benefits to 1970. And the reason for that was, even though the nexus was only proven in 96, if the injury and the disease or disability were related in 1996 and they both existed in 1970, the nexus existed. It was only proven in 96, but it existed in 70. Assuming there was a disability in 70, which is a necessary predicate as well. Very well, thank you Mr. Smith, Mr. Sheldon. The case is submitted.